BENJAMIN B. WAGNER
United States Attorney
MARK J. McKEON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099

Attorneys for the
 United States of America

**FILED**
FEB 14 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF<br><br>AN APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR A CERTAIN SPRINT/NEXTEL CELLULAR TELEPHONE | MISC. CASE NO. 1:13-SW-43-SKO<br><br>**UNDER SEAL**<br><br>ORDER ON APPLICATION FOR AUTHORIZATION TO INSTALL AND USE PEN REGISTERS AND TRAP AND TRACE DEVICES FOR A CERTAIN SPRINT/NEXTEL CELLULAR TELEPHONE |

The United States of America, by and through Mark J. McKeon, Assistant United States Attorney for the Eastern District of California (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the Sprint/Nextel Communications, Inc. (559) 217-4388 ("target cell phone"), whose user and/or subscriber is MARIE E SHERRILL, and other dialing, routing, and signaling information that may

Order for Pen Register & Tap and Trace

1

1  be associated with communications to or from the target cell
2  phone, as described in Attachment A to this Order.
3     The Court finds:
4     1.   The applicant is an attorney for the government and
5  has certified that the information likely to be obtained from
6  such installation and use is relevant to an ongoing criminal
7  investigation being conducted by the Federal Bureau of
8  Investigation ("FBI") of MARIE E. SHERRILL, DBA SHERRILL
9  FINANCIAL SERVICES in connection with possible violations of
10 18 U.S.C. § 1341, 1343, 1348, 1349, 371, 1956.
11    2.   The United States has offered specific and articulable
12 facts showing that there are reasonable grounds to believe that
13 the records or other information sought are relevant and
14 material to the same ongoing criminal investigation.
15    3.   There is reason to believe that notifying any other
16 person, including the subscriber of the target cell phone, of
17 the existence of this application and Order, the resulting pen-
18 trap devices, or this investigation, except as necessary to
19 effectuate the Order, will seriously jeopardize the ongoing
20 investigation.
21    IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24,
22 that the applicant and the FBI may, for a period of sixty days
23 from the date of installation of the pen-trap devices, install
24 and use pen-trap devices to collect dialing, routing,
25 addressing, and signaling information for each communication to
26 or from the target cell phone, as described in Section II(a) of
27 Attachment A, without geographic limit.
28    IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d)

1  and 18 U.S.C. §§ 3122-24, the applicant and the FBI are
2  authorized to acquire, during the same sixty-day period, all
3  information requested in Section II(b) of Attachment A, without
4  geographic limit.

5      IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2)
6  and 3124(a)-(b), that Sprint/Nextel Communications, Inc. and any
7  other person or entity providing wire or electronic
8  communication service in the United States whose assistance may,
9  pursuant to 18 U.S.C. § 3123(a), facilitate the execution of
10 this Order shall, upon service of this Order, furnish
11 information, facilities, and technical assistance necessary to
12 install the pen-trap devices, including installation and
13 operation of the pen-trap devices unobtrusively and with minimum
14 disruption of normal service.

15     IT IS FURTHER ORDERED that the FBI reasonably compensate
16 Sprint/Nextel Communications, Inc., and any other person or
17 entity whose assistance facilitates execution of this Order for
18 reasonable expenses incurred in complying with this Order.

19     IT IS FURTHER ORDERED that the FBI and the applicant have
20 access to the information collected by the pen-trap devices as
21 soon as practicable, twenty-four hours per day, or at such other
22 times as may be acceptable to them, for the duration of the
23 Order.

24     IT IS FURTHER ORDERED that Sprint/Nextel Communications,
25 Inc. and any other person or entity whose assistance may
26 facilitate execution of this Order notify the applicant and the
27 FBI of any changes relating to the target cell phone, including
28 changes to subscriber information, and provide prior notice to

Order for Pen Register & Tap and Trace

1  the applicant and the FBI before terminating or changing service
2  to the target cell phone.
3      IT IS FURTHER ORDERED that Sprint/Nextel Communications,
4  Inc. and any other person or entity whose assistance facilitates
5  execution of this Order, and their agents and employees, not
6  disclose in any manner, directly or indirectly, by any action or
7  inaction, including to the subscriber of the target cell phone,
8  identified above, the existence of this application and Order,
9  the resulting pen-trap devices, or the underlying investigation,
10 except as necessary to effectuate the Order, unless and until
11 authorized by this Court.  See 18 U.S.C. § 2705(b) and 18 U.S.C.
12 § 3123(d)(2).
13     IT IS FURTHER ORDERED that this Order and the application
14 for this Order be sealed until further order of this Court.
15 Dated: February 14, 2013           /s/ Sheila K. Oberto
                                      HON. SHEILA K. OBERTO
16                                    United States Magistrate Judge

Order for Pen Register & Tap and Trace

4

**ATTACHMENT A**

I. **The Target Cell Phone**

The Order applies to certain information associated with the following cell phone number: (559) 217-4388 (the "target cell phone").

II. **Information to Be Collected with Pen-Trap Devices**

The pen-trap devices are authorized to collect the following information for the target cell phone listed in Part I of this Attachment.

    a. **Pursuant to 18 U.S.C. §§ 3122-24**

All dialing, routing, addressing and signaling information associated with each communication to and from the target cell phone(s), including, but not limited to:

    i. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.

    ii. Source and destination telephone numbers and email addresses.

    iii. Date, time and duration of all communications.